# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-765V
### Filed: April 27, 2017

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DAWN KELLY, * UNPUBLISHED
                 *
       Petitioner, *
       v. *
                 * Attorneys' Fees and Costs;
SECRETARY OF HEALTH * Respondent Does Not Object.
AND HUMAN SERVICES, *
                 *
       Respondent. *
                 *

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Carol Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner.*
*Adriana Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On July 22, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barre Syndrome ("GBS") as the result of receiving an influenza vaccination on October 12, 2012. On March 9, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision, ECF No. 43.

Petitioner has requested attorneys' fees in the amount of $40,977.55 and attorneys' costs in the amount of $2,190.54 for a total amount of $43,168.09. Motion at 3, ECF No. 48. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses. Motion, Ex. D, ECF No. 48-4.

On April 24, 2017, respondent filed a response stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommends "that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 49. Petitioner filed a Reply on April 26, 2017. ECF No. 50.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15 (e). A review of the length of this case, the amount of work required, the positive resolution reached, and petitioner's counsel's experience in the Vaccine Program indicates that the overall amount of fees and costs requested are reasonable.[3] A review of the billings records reflects that the hours billed are not duplicative or excessive, and the costs incurred are not unreasonable. However, it was noted that counsel charged full rate for travel, which has traditionally been paid at half the hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. Jul. 25, 2011). Therefore, the fees for 3.5 hours of travel is being reduced from $1,225 to $612.50. Based on the reasonableness of petitioner's request and the lack of opposition from respondent, and with the exception stated above, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs as follows: attorneys' fees in the amount of $40,365.05 and attorneys' costs in the amount of $2,190.54.

**Accordingly, the undersigned awards the total of $42,555.59[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Carol Gallagher.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] I have made no determination as to counsel's hourly rate in this matter; I merely conclude that the total sums requested seem reasonable and appropriate.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.